UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                         CASE NO. 3:19-cr-186(S1)-J-32PDB

RODNEY ALLEN

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Maria Chapa Lopez, United States Attorney for the Middle District of Florida, and Eric S. Dreiband, Assistant Attorney General, (hereinafter referred to collectively as the "United States" or "government"), and the defendant, RODNEY ALLEN, and the attorney for the defendant, Maurice C. Grant, II, mutually agree as follows:

**A.      Particularized Terms**

1.      Count(s) Pleading To

The defendant shall enter a plea of guilty to Counts One and Two of the Superseding Information.

Count One charges the defendant with willfully and knowingly making a false, fictitious and fraudulent material statement and representation in a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, in violation of 18 U.S.C. § 1001.

Defendant's Initials _____                     AF Approval _____
                                                                        for B.C.

Count Two charges the defendant with intimidating and interfering with providing reproductive health services, in violation of 18 U.S.C. §§ 248(a)(1) and (b)(1).

2.   <u>Maximum Penalties</u>

Count One carries a maximum sentence of not more than five years imprisonment, a fine of up to $250,000, or both imprisonment and a fine, a term of supervised release of not more than three years, and a mandatory special assessment of $100 per felony count, said special assessment to be due on the date of sentencing. A violation of the terms and conditions of supervised release carries a maximum sentence of not more than two years imprisonment as well as the possibility of an additional term of supervised release.

Count Two carries a maximum sentence of not more than one year imprisonment, a fine of up to $100,000, or both imprisonment and a fine, a term of supervised release of not more than one year; and a mandatory special assessment of $25, said special assessment to be due on the date of sentencing. A violation of the terms and conditions of supervised release carries a maximum sentence of not more than one year imprisonment as well as the possibility of an additional term of supervised release.

Defendant's Initials                 2

The cumulative maximum penalty for both counts is a maximum sentence of not more than six years' imprisonment, a fine of up to $350,000, or both imprisonment and a fine, a term of supervised release of not more than three years, and mandatory special assessments of $125, said special assessments to be due on the date of sentencing. A violation of the terms and conditions of supervised release carries a maximum sentence of not more than three years imprisonment as well as the possibility of an additional term of supervised release.

3.   Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count One are:

First:         The defendant made the statement as charged;

Second:        the statement was false;

Third:         the falsity concerned a material matter;

Fourth:        the defendant acted willfully, knowing that the statement
               was false;

Fifth:         the false statement was made or used for a matter within the
               jurisdiction of a department or agency of the United States.

Defendant's Initials                     3

The elements of Count Two are:

First:      The defendant used a threat of force;

Second:     the defendant intentionally intimidated and interfered with, and attempted to intimidate and interfere with, the person named in the indictment; and

Third:      the defendant did so knowingly, and because the person was providing, and obtaining, reproductive-health services, and in order to intimidate the person from providing, and obtaining, reproductive-health services.

4.      Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5.      Venue Waiver

Defendant will waive venue under Fed. R. Crim. P. 18 and agree that the allegations contained in the Superseding Information will be disposed of in the Middle District of Florida.

6.      Counts Dismissed

If the Court accepts this plea agreement, the United States will move to dismiss the original indictment returned in this case on October 24, 2019.

7.      No Further Charges

If the Court accepts this plea agreement, the United States agrees not to charge defendant with committing any other federal criminal offenses

Defendant's Initials         4

known to the United States at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

8. <u>Discretionary Restitution to Victim of Offense of Conviction</u>

Pursuant to 18 U.S.C. §§ 3663(a) and (b), defendant agrees to make full restitution to K.F., T.H., S.V., C.V.M., V.B., V.B., T.R.R.

9. <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the

Defendant's Initials                 5

defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

**B.    <u>Standard Terms and Conditions</u>**

    1.    <u>Restitution, Special Assessment and Fine</u>

        The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

Defendant's Initials           6

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2.   <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.   <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.   <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities,

Defendant's Initials _____   7

if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.  The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.  The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.  The defendant similarly agrees and authorizes the United States to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of

Defendant's Initials                 8

the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and

Defendant's Initials           9

defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    <u>Middle District of Florida Agreement and Civil Rights Division Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and the Criminal

Defendant's Initials         10

Section of the Civil Rights Division of the United States Department of Justice, and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.     Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that

Defendant's Initials _____          11

plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

Defendant's Initials _____                    12

11.     Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.     Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials                   13

13.     Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __29__ day of __April__, 2020.



_____
RODNEY ALLEN
Defendant


_____
MAURICE C. GRANT, II
Attorney for Defendant



MARIA CHAPA LOPEZ
United States Attorney

_____
ASHLEY WASHINGTON
Assistant United States Attorney


_____
FRANK TALBOT
Assistant United States Attorney
Chief, Jacksonville Division


ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

_____
SANJAY PATEL
Trial Attorney


_____
ANNA GOTFRYD
Trial Attorney


Defendant's Initials _____                    14

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 3:19-cr-186-J-32PDB

RODNEY ALLEN

## PERSONALIZATION OF ELEMENTS

### Count One

1.    Did you make a statement to the FBI claiming that you never made a bomb threat directed to a reproductive health services provider in Jacksonville, Florida as charged?

2.    Was the statement false?

3.    Did the falsity concern a material matter?

4.    Did you act willfully, knowing that the statement was false?

5.    Was the false statement made or used for a matter within the jurisdiction of a department or agency of the United States?

### Count Two

1.    Did you use a threat of force directed toward the reproductive health services provider in Jacksonville, Florida?

Defendant's Initials _RA_                    15

2. Did you intentionally intimidate and interfere with and attempt to intimidate and interfere with a reproductive health services provider?

3. Did you do so knowingly, and because the reproductive health services provider was providing reproductive-health services and in order to intimidate the reproductive health services provider from providing reproductive-health services?

Defendant's Initials <u>    </u>    16

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 3:19-cr-186-J-32PDB

RODNEY ALLEN

## FACTUAL BASIS

The Federal Bureau of Investigation (the "FBI") is an agency within the executive branch of the United States. The FBI has jurisdiction to investigate violations of 18 U.S.C. § 844(e), threatening and conveying false information concerning the use of an explosive, and 18 U.S.C. §§ 248(a)(1) and (b)(1), intimidating and interfering with providing reproductive-health services.

On August 29, 2019, a reproductive health services provider (the "RHSP") in Jacksonville, Florida, received several phone calls from the defendant, Rodney Allen. The defendant called the RHSP at or around 7:50 a.m., 7:51 a.m., and 7:52 a.m. These were missed calls. The defendant also called the RHSP at or around 7:52 a.m.—the second call he made at that time—which was answered by the RHSP. At that time, the defendant stated that a patient at the RHSP had a weapon on her. The RHSP questioned the patient and searched her belongings, but did not find any weapon. The defendant also

Defendant's Initials _____

called at or around 9:24 a.m. and spoke with T.H., a RHSP employee.  Close in time to that call, T.H. filled out a Bomb Threat Report Form detailing the call.   According to the Bomb Threat Report Form, the defendant stated: "Someone is coming to the clinic to blow it up and hes (sic) just letting us know ahead of time."   T.H. wrote that the caller was an adult male.   Next to the question asking when the bomb was going to explode, T.H. noted "today."

Another call from the defendant came into the RHSP at or around 10:26 a.m., which S.V., a RHSP employee, answered.  S.V. also completed a Bomb Threat Report Form.   S.V. noted what the caller, who identified himself as "Jeffrey Land," "Lang," or "Lag," stated: "A patient here at the facility is on op[i]oids[,] and I am afraid that whatever the doctor is going to give her will interfere with the drugs and kill her."   S.V. recognized the defendant's voice from previous calls.  S.V. also answered another call from the defendant at or around 3:07 p.m., during which he asked what to do if a patient did not wake up.

As a result of the defendant's calls, the RHSP employees said they were afraid the patient's safety and concerned that the defendant would do something desperate.   An officer from the Jacksonville Sheriff's Office, who provides security for the RHSP, drove around the building to see if he could find any sort of bomb, but he did not locate anything that appeared to be a bomb.

Defendant's Initials _____       2

The FBI began investigating the calls to the RHSP. The number that the caller used to make bomb threat to the RHSP was (843) 540-7263. The FBI obtained toll records and subscriber information for that number. The defendant is listed as the sole subscriber to (843) 540-7263. A review of the toll records confirms that the call came from the defendant's phone on August 29, 2019. The toll records also indicate that the defendant used *67 to mask the telephone number he was calling from when he called the RHSP and made the bomb threat. The FBI also obtained the RHSP's toll records. A review of those records reveals that the RHSP received a call from (843) 540-7263 on August 29, 2019.

On September 16, 2019, FBI Special Agent C. Weismantel, of the Columbia Division, Hilton Head office in South Carolina, conducted a voluntary interview with the defendant, which was surreptitiously recorded. Deputy United States Marshal B. Kelly was also present for the interview. SA Weismantel read an 18 U.S.C § 1001 warning to the defendant at the beginning of the interview, which was captured on the recording. The defendant refused to sign the form containing the warning read by SA Weismantel.

The defendant confirmed to SA Weismantel that his phone number was (843) 540-7263. This is the same number used to make the bomb threat to the RHSP and to which the defendant is the sole subscriber. The defendant asked

Defendant's Initials _____        3

if the interviewing agents intended to arrest him.   He wondered if the "justification of emotion" would keep law enforcement officials from arresting him or charging him with a crime.  The defendant also asked how much time someone found guilty of this offense would face and the specific law he violated. Deputy US Marshal Kelly told the defendant that we all make mistakes and some have more consequences than others.  In response, the defendant said, "I guess this would definitely qualify."  When asked if he made the calls to the RHSP in Jacksonville, Florida, on August 29, 2019, the defendant denied calling the RHSP and stating someone was coming to blow it up, which was false.

The defendant knew his statement denying calling the RHSP and stating someone was coming to blow it up was false.  It was his phone number he used to call the RHSP and say that someone was coming to blow it up, and he is the sole subscriber to that number.  He specifically directed the RHSP employees to a patient with whom he had a prior relationship, and whose efforts to obtain an abortion he had been trying to impede.  The employees of the RHSP recognized the defendant as the caller who said someone was coming to the RHSP to blow it up, along with the numerous other calls to the RHSP on August 29, 2019, by his voice.

The statement the defendant provided to investigators was material to

Defendant's Initials _____      4

investigating and determining whether the defendant had committed violations of 18 U.S.C. § 844(e), threatening and conveying false information concerning use of an explosive, and 18 U.S.C. §§ 248(a)(1) and (b)(1), intimidating and interfering with providing reproductive-health services.

Neither Allen's statements, nor the investigation indicated that this case had any ties to a domestic terrorist organization.

Defendant's Initials  _____                5