IN THE UNITED STATES DISTRICT COURT
                        MIDDLE DISTRICT OF FLORIDA
                          JACKSONVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Jacksonville, Florida |
| Plaintiff, | Case No. 3:19-cr-186-J-32PDB |
| vs. | January 21, 2020 |
| RODNEY ALLEN, | 4:05 p.m. |
| Defendant. | Courtroom No. 10D |

                          CRIMINAL STATUS CONFERENCE
                   BEFORE THE HONORABLE TIMOTHY J. CORRIGAN
                         UNITED STATES DISTRICT JUDGE


GOVERNMENT COUNSEL:

   **LAURA COFER TAYLOR**, **ESQ.**
   US Attorney's Office - FLM
   300 North Hogan Street, Suite 700
   Jacksonville, Florida  32202

DEFENSE COUNSEL:

   **MAURICE C. GRANT, II, ESQ**.
   Federal Public Defender's Office
   200 West Forsyth Street, Room 1240
   Jacksonville, Florida  32202


COURT REPORTER:

   Shannon M. Bishop, RDR, CRR, CRC
   221 North Hogan Street, #150
   Jacksonville, Florida  32202
   Telephone:  (904)549-1307
   dsmabishop@yahoo.com


   (Proceedings recorded by mechanical stenography; transcript produced by computer.)

P R O C E E D I N G S

January 21, 2020                                          4:05 p.m.

- - -

THE COURT: *United States versus Rodney Allen*, 3:19-cr-186. So -- hold on one second.

So, Ms. Taylor, are you just pinch-hitting for Ms. Washington or --

MS. TAYLOR: Yes, Your Honor.

THE COURT: Okay. And then there's -- Main Justice is also involved; is that right?

MR. GRANT: That is correct, Your Honor. I can speak to that.

THE COURT: Okay. So this case was going to be tried next month. Mr. Grant filed a motion to continue. I granted the motion to continue. It was unopposed. I granted the motion to continue and set it for status today to discuss when we're going to set it for trial.

In the meantime, Judge Barksdale has set it for hearing on January 23rd, so I guess that's Thursday, to discuss Mr. Allen's notice discussing status of counsel. So I assume it's basically going to be a status re counsel hearing.

Is that your understanding?

MR. GRANT: I guess if that's what she wants to call it. I've spoken to Mr. Allen. The issue that we have has to do with the discovery, which is in that letter. I've explained

to him my concerns about having paper in the -- in the jail. I've also explained to him that if there's something that he specifically wants, that we'll provide whatever it is.

The real issue has been the amount of discovery. It's a question of him wanting stuff. And I don't know what it is that he wants, but he wants everything. And I, at the time, just could not physically see how we could do that.

We have since had communications with the jail after my having conversations with my counterpart down in Tampa, where I was advised that the facilities there allow individuals to have thumb drives and they have access to a computer. Well, it turns out that we are not capable -- at least Baker County has now told us that they will do the same here for us.

THE COURT: Aren't we modern? Wow. Yeah.

MR. GRANT: Right. Well, I mean, look how long it took, you know. But my concern for my client was, "I can't give you all this stuff," you know.

THE COURT: I understand.

MR. GRANT: But now, if, in fact, there is a way in which we can put the discovery on a thumb drive and provide it to him, that's what we intend to do.

The question then becomes what should he get. And I will advise the Court that last week, or maybe two weeks ago, Ms. Washington had posed a concern about -- after this letter came out, about whether a protective order should be in place.

1       And I told her at the time that I wasn't prepared to
2  discuss that.  But I am mindful of the fact that they're --
3  given the nature of this particular charge and the discovery
4  that is available, that there may be concerns about third-party
5  information being in the discovery.
6       And so I don't have any issues with respect to that,
7  but that now poses an issue with me with my client, because
8  he's going to want stuff.  And I'm going to have a conversation
9  with him tomorrow morning to basically tell him that there
10 are -- there is some material that I'm probably not going to be
11 able to disclose to him, i.e., phone numbers, addresses of
12 individuals who are connected with the facility, and -- I mean,
13 which really don't have any relevance to the case.
14       THE COURT:  Well, I guess the question is are you --
15 do you feel like Judge Barksdale needs to have that hearing?
16 Or are you feeling like we can just withdraw that notice and
17 you can go on and ask for a continuance?  Or what -- what are
18 you thinking?
19       MR. GRANT:  Under normal circumstances I would say we
20 could move on.  But Mr. Allen has at all times asserted every
21 single right as indicated.  And I -- I'm not in a position and
22 I don't want to be in the position to speak for him on that
23 aspect, so I would -- I'm prepared to ask for a continuance.
24 That much he has given me, because I've explained to him
25 that -- and as I stated in my motion for the continuance, if he

```
 1  wants to have all this, we can't have a trial right now.  It's
 2  going to have to get put off.  And I can't even tell you when
 3  that trial is going to be.  So I would suggest passing it for
 4  30 days and then revisiting it at that time.
 5          THE COURT:  And go ahead and leave Judge Barksdale's
 6  hearing in place?
 7          MR. GRANT:  Correct.
 8          THE COURT:  Okay.  Any objection to a 30-day
 9  continuance at this point from the government?
10          MS. TAYLOR:  No, Your Honor.
11          THE COURT:  Ore tenus motion of the defendant, Allen,
12  for a one-month continuance is granted.  The Court finding that
13  for the reasons stated by counsel on the record -- the ends of
14  justice served by that continuance outweigh the interest of the
15  defendant and the public in a speedy trial.
16          You are now on the February term.  I'm going to put
17  you on the March term.  It begins on March the 2nd.  That means
18  your next status in front of me is February 18th at 4 p.m.
19          In the meantime, you'll appear before Judge
20  Barksdale.  And to the extent that Judge Barksdale can be of
21  any help on the discovery issues, I'm sure she will be.  But
22  we'll go ahead and leave that hearing on the docket.
23          All right?
24          MR. GRANT:  Thank you, Your Honor.
25          THE COURT:  Thank you.
```

1     Does that do it?
2          COURTROOM DEPUTY:  That does it.
3          THE COURT:  All right.  We're done.  Thank you.
4          COURT SECURITY OFFICER:  All rise.
5     (The proceedings concluded at 4:11 p.m.)
6                              - - -

## **CERTIFICATE**

UNITED STATES DISTRICT COURT )
)
MIDDLE DISTRICT OF FLORIDA )

    I hereby certify that the foregoing transcript is a true and correct computer-aided transcription of my stenotype notes taken at the time and place indicated herein.

    DATED this 2nd day of November, 2020.

                  s/Shannon M. Bishop
                   Shannon M. Bishop, RDR, CRR, CRC